AMERICAN PROCESS COMPANY, DEFENDANT IN ERROR, v. THE PENSAUKEN BRICK COMPANY, PLAINTIFF IN ERROR.

Argued December 2, 1909—Decided February 28, 1910.

1. An allegation that a trial judge, sitting by consent without a jury, erroneously found for the plaintiff, will not be considered on error where there was no request to find otherwise and no exception to the actual finding.

2. Proof of any facts essential to the plaintiff's recovery is material to the issue.

3. Where the plaintiff proposed to introduce in evidence a letter material to the issue signed by an individual as president of the defendant company, it was competent for the plaintiff to show that such individual was president of the defendant company in fact.

4. The admission of immaterial evidence which does no injury is no ground for reversal on error.

5. It is not reversible error for a trial judge to permit an attorney to be asked whether he, on behalf of his client, promised to pay a disputed claim, where the only objection stated was that the question was immaterial, there being no objection that the attorney lacked express authority.

6. It is material and proper for the plaintiff to show by an attorney who promised, on behalf of the defendant, to pay a disputed claim that he had previously gone to his client, the defendant, for instructions.

On error to the Supreme Court.

For the plaintiff in error, *Mahlon Van Booskirk* and *John W. Wescott.*

For the defendant in error, *French & Richards,* with whom was *Abraham Tulin* (of the New York bar).

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment rendered by the trial judge, sitting without a jury, at the Camden Circuit in favor of the American Process Company against the Pensauken Brick Company for breach of contract.

At the trial the evidence tended to show the facts following:

On June 22d, 1906, the Pensauken Brick Company entered into a written contract with the Standard Brick Machinery Company for the purchase of the machinery necessary for the conduct of the brickmaking business of the Pensauken company. One item of the machinery thus contracted for was an "American Process Sand Drier." By the terms of the contract the buyer was not to acquire title to any part of the machinery until the whole agreed price was paid. To fulfill its contract the Standard Brick Company purchased of the American Process Company an "American Process Sand Drier," on the condition that title should remain in the seller until the full purchase price was paid. This drier was delivered and installed in the plant of the Pensauken company, but the full purchase price was never paid. On November 26th, 1906, the American Process Company notified the Pensauken company of the condition of the contract relative to payment for the drier between the Standard Brick Company and the American Process Company. This notice was duly and without protest acknowledged the next day. Thereafter further notice was given that the American Process Company would reclaim the drier under the provisions of the two contracts respecting title, unless the balance of the purchase price was paid. This notice and demand for payment resulted, after some negotiation, in a demand by the

Pensuaken company that the American Process Company obtain an order from the Standard Brick Company for the amount of its claim. This request was at once complied with, and receipt of the order was duly acknowledged by the Pensauken company on February 16th, 1907. Payment then not being made suit was threatened, and on March 29th, 1907, the Pensuaken company made a definite promise to pay on the delivery to it of another order from the Standard Brick Company. This order was at once delivered. On April 1st, 1907, the Pensuaken company, by its attorney, acknowledged receipt of the second order and asked two weeks' time in which to make payment, definitely promising to pay at the end of that time. The American Process Company at once granted this request, agreeing not to bring suit until after the expiration of the two weeks. When that time expired the claim was still unpaid, and, in answer to a further letter threatening suit, the Pensuaken company, by its treasurer, wrote, on April 19th, 1907, that "this matter will be positively adjusted in the course of a few days." Subsequently, the claim not being paid, this suit was brought by the American Process Company against the Pensauken company, upon the promise to pay the balance due upon the contract price of the drier, and judgment was rendered for the plaintiff.

The defendant below assigns as its first reason for reversal that the trial judge, sitting without a jury, "gave a verdict for the plaintiff." By virtue of this assignment the defendant company seeks to raise the question whether there was proof which would justify the finding by the trial judge of authority upon the part of the attorney and officers of the company to bind it to pay the balance of the contract price of the drier. But this cannot be done because there was no request to find made to the trial judge nor was there any exception to his actual finding.

The next assignment of error is that the trial judge allowed the plaintiff to put to the witness Hesser and have answered questions as to whether the drier was delivered by the American Process Company to the Standard Brick Machinery Company and by the latter company to the defendant company,

whether the drier was paid for, and as to what partial payments were made and when they were made. It was objected that the evidence was not material. We think it was. Proof of such delivery and non-payment was essential to the plaintiff's recovery.

The next error assigned is the allowance of a question put by the plaintiff's attorney as to what office Mr. Donnelly held in the defendant company. This was objected to as incompetent. We think it was competent. The plaintiff proposed to put in evidence a letter material to the issue signed by Donnelly as president of the defendant company. It was therefore clearly proper to show that he was president in fact.

It is next said that there was error in the admission of evidence offered by the plaintiff as to the condition of the drier when it was received by the Standard Brick Machinery Company. It was objected to as immaterial. If this be conceded, yet clearly it did the defendant no injury, and its admission is no ground for reversal. *Schenck* v. *Cuttrell,* 1 *Zab.* 5.

The next assignment of error is that there was error in permitting the question to be asked of Mr. Van Booskirk whether he, on behalf of his client, promised to pay the plaintiff the claim in question on the production of an order from the Standard Brick Machinery Company. This was objected to as immaterial. We think it was not. It had already appeared that the witness represented as attorney the defendant company in these negotiations with respect to the matter in controversy. If he had express authority to compromise the claim, his agreement would bind his client. *Trenton Street Railway Co.* v. *Lawlor,* 4 *Buch.* 828. There being no objection that he lacked the requisite authority, the admission of the question was not reversible error.

It is next urged that there was error in permitting Mr. Van Booskirk to be asked whether he went to the defendant company for instructions as to how to proceed and what propositions to make. It was objected that the question was immaterial and improper. We think it was not. Whether the propositions of settlement made by him on behalf of his client were binding or not depended upon the character and

extent of his authority. It was therefore material and proper to show that he went to his client for instructions.

We have examined all other assignments of error argued, which have exceptions to support them, and find no merit in them.

The judgment of the court below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, GRAY, CONGDON, JJ. 14.

*For reversal*—None.