RUDOLPH MARTEN, PLAINTIFF AND APPELLEE, v. THOMAS H. BROWN, DEFENDANT AND APPELLANT.

Argued February 15, 1910—Decided July 20, 1910.

1. The doing or undertaking of anything beyond what one is already bound to do, though of the same kind and in the same transaction, is a good consideration for a promise to pay therefor.
2. The Supreme Court will not review decisions of the District Court upon questions of fact. It will only look to see if there is any legal evidence upon which the judgment may rest.

On appeal from the Second District Court of Jersey City.

Before Justices TRENCHARD and MINTURN.

For the appellant, *Norman L. Rowe* and *Randolph Perkins.*

For the appellee, *Benjamin J. Darling* and *Charles E. S. Simpson.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment of the Second District Court of Jersey City in favor of the plaintiff in a suit for the balance of the contract price of. carpenter work.

The evidence at the trial tended to show the facts following: The defendant, as owner, was engaged in the construction of some houses in Jersey City. He let contracts to various materialmen and laborers. Among others, he let a con-

tract for the carpenter work to the plaintiff and a contract for the mason work to another contractor. The specifications under which the contracts were awarded provided that the work was to be done in good and workmanlike manner. Upon that basis the plaintiff proposed to do the carpenter work for $2,100 and was awarded the contract. During the progress of the work, and after about fifteen hundred dollars had been paid plaintiff on account thereof, the plaintiff found that the walls and partitions built by the mason were not erected in a workmanlike manner, but were "irregular and crooked," and because of such defective mason work the cost of the plaintiff's carpenter work would be far greater than contemplated on the basis that the mason's work was to be properly done. In this situation the plaintiff refused to finish the work unless promised extra compensation. The result was that the defendant, a lawyer by profession, wrote and signed the following paper writing: "Whereas, Rudolph Marten has refused to complete his carpenter labor contract at Nos. 64, 66, 68 Tuers avenue, on the ground that said walls and partitions are irregular and crooked, and that to perform said work and complete said work on account of the above defects, will cost $350 above the contract price, I herewith, in consideration of his performing said work at once and not sub-contracting the same, I herewith agree to pay the said sum of $350 extra.
(Signed) Thomas H. Brown."

Accordingly, the plaintiff completed the carpenter work, and the defendant paid all of the original contract price and $25 on account of the extra compensation, but refused to pay the remainder. Thereupon this suit was brought to recover the sum of $325, the balance alleged to be due.

The trial judge, sitting without a jury, rendered judgment for the plaintiff for $325.

The defendant first argues that the motion to find for the defendant should have been granted because there was no evidence of a consideration for the agreement to pay the extra compensation.

We think there is no merit in the contention.

Of course, the rule is that doing or promising to do what one is already legally bound to do, is no consideration. *Hasbrouck* v. *Winkler,* 19 *Vroom* 431; *Watts* v. *Frenche,* 4 *C. E. Gr.* 407.

But that rule has no application to this case. The rule is grounded upon the reason that the promisor gets no more in return for his promise than the promisee was already bound to give, and therefore receives no consideration. *Conover* v. *Stillwell,* 5 *Vroom* 54.

But the doing or undertaking of anything beyond what one is already bound to do, though of the same kind and in the same transaction, is a good consideration. *Poll. Cont.* 177; 9 *Cyc.* 352, and cases there cited.

In the case at bar it was open to the trial judge to find from the evidence that plaintiff was not bound by his original contract or otherwise to do the extra work rendered necessary by the "irregular and crooked" walls and partitions. The extra work required was a benefit to the defendant and a detriment to the plaintiff, and hence was a consideration for the promise to pay therefor. *Conover* v. *Stillwell, supra; Hasbrouck* v. *Winkler, supra.*

The defendant now contends that there was no evidence that the walls and partitions were to be erected in a workmanlike manner. It is a sufficient answer thereto to say that counsel who tried the case in the court below then expressly admitted that the specifications provided that the work was to be performed in a workmanlike manner.

There being evidence upon which the judgment may rest, this court will not review the decision upon questions of fact. *Aschenberg* v. *Mundy,* 47 *Vroom* 352.

The principle last stated is also fatal to the next reason assigned for reversal, which is that the "said contract was procured through fraud and misrepresentation and is therefore null and void."

We have examined the other reasons but find none justifying reversal.

The judgment of the court below will be affirmed.