FREDERICK E. HECKEL AND EDWARD H. HECKEL, PARTNERS, TRADING AS HECKEL BROTHERS, RESPONDENTS, v. CRANFORD GOLF CLUB, FORMERLY KNOWN AS THE UNION COUNTY COUNTRY CLUB, A CORPORATION, AND NOW KNOWN AS THE ECHO LAKE COUNTRY CLUB, A CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT.

Argued March 9, 1922—Decided June 19, 1922.

1. A principal is bound by the acts of his agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing.
2. A country club engaged one R., as its manager or steward, at a salary.  In addition to the salary R. was to have the restaurant privilege of the club, which obligated him to purchase the supplies in his own name.  R. informed H. Brothers, dealers in meats and produce, that he was the club's steward, and ordered provisions which were charged to the club.  H. Brothers delivered the orders to the club house, accompanying each order

with a charge slip addressed to the club, and mailed bills monthly to the club. There was also testimony to the effect that a check or checks of the club had been received by H. Brothers and credited to the account, and that the president of the club had informed one of the H. Brothers that his account would be paid. *Held*, that it was not error for the trial court in a suit by H. Brothers to recover from the club the amount due on the account to have submitted the above testimony to the jury for the jury to determine whether or not R. had apparent authority to bind the club.

On appeal from the Supreme Court.

For the appellant, *Jeremiah A. Kiernan.*

For the respondents, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

KATZENBACH, J.   This action was instituted to recover the value of articles of food alleged to have been sold by the plaintiffs-respondents to the defendant-appellant. The plaintiffs were engaged in the meat and produce business in Bloomfield. The defendant was the Union County Country Club, subsequently known as the Cranford Golf Club, and later as the Echo Lake Country Club. The articles were purchased between August 1st, 1918, and December 10th of the same year. They were ordered by one Roachman, who had been engaged about March 29th, 1918, as manager of the club and was known and is referred to in the testimony as the club manager or steward. Roachman was paid a salary of $200 a month, and also had the restaurant privilege of the club; that is, Roachman was to furnish the members with meals and refreshments, to be supplied by him and for which they were to pay him, and the profit, if any, was to supplement his salary. Roachman was the steward during the entire period of the purchases from the plaintiffs. At the time of the first purchase he introduced himself as the steward of the club and as the person of whom the steward of the Baltusrol Club, which was located near the defendant's grounds, had spoken to the plaintiffs. The goods ordered

by Roachman were charged by the plaintiffs to the club, delivered to the club house, accompanied by charge slips addressed to the club with each order delivered. Bills were sent by mail monthly by the plaintiffs, addressed to the club. There was also evidence given by the plaintiffs' bookkeeper that one or more checks of the club had been received and applied in part payment of the account. This was denied. One of the plaintiffs also testified that on one occasion he met the president of the club, and the president spoke to him of the money which the club owed his firm and assured him that it would be paid. This was denied by the president, who said he merely told Mr. Heckel, the plaintiff, who spoke to him, that the club would pay Roachman what it owed him. From these facts the plaintiffs contended that the club was responsible to them for the goods ordered by Roachman, and the defendant contended that Roachman was the plaintiffs' debtor and no liability to pay the account attached to the club. There was no dispute as to the delivery of the goods or the correctness of the charges made therefor. The one question at issue was that of liability. The trial judge permitted the case to go to the jury, which rendered a verdict for the plaintiffs for the full amount of their claim. From the judgment entered upon the verdict the club has appealed. The appellant contends that there was no evidence of Roachman's power to bind the club for the payment of the goods ordered by him, and in the absence of such evidence it was the duty of the trial court to grant either the defendant's motion for a nonsuit or for the direction of a verdict in its favor. The law governing an agent's power to bind his principal is well settled. Mr. Justice Depue (afterwards Chief Justice) stated the law clearly in the case of *Law* v. *Stokes*, 32 *N. J. L.* 249, in the following language:

"A principal is bound by the acts of his agent within the authority he has actually given him, which includes not only the precise act which he expressly authorizes him to do, but also whatever usualy belongs to the doing of it, or is necessary to its performance. Beyond that he is liable for the acts

of the agent within the appearance of authority which the principal himself knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. For the acts of his agent, within his express authority, the principal is liable, because the act of the agent is the act of the principal. For the acts of the agent, within the scope of the authority he holds the agent out as having or knowingly permits him to assume, the principal is made responsible, because to permit him to dispute the authority of the agent in such cases would be to enable him to commit a fraud upon innocent persons. In whichever way the liability of the principal is established it must flow from the act of the principal. And when established it cannot, on the one hand, be qualified by the secret instructions of the principal, nor, on the other hand, be enlarged by the unauthorized representations of the agent."

Mr. Justice Trenchard, in the case of *J. Wiss & Sons Co. v. H. G. Vogel Co.*, 86 *N. J. L.* 618, stated the law with equal clearness when he said:

"As between the principal and third persons the true limit of the agent's power to bind the principal is the apparent authority with which the agent is invested. The principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. And the reason is that to permit the principal to dispute the authority of the agent in such cases would be to enable him to commit a fraud upon innocent persons.

"The question in every such case is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business is justified in presuming that such agent has authority to perform the particular act in question, and when the party relying upon such apparent authority presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury."

The difficulty always arises in the application of the law to the facts of the given case. In the present case did the club place Roachman in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, would be justified in presuming that Roachman had authority to order provisions for the club? Did the plaintiffs present such evidence of Roachman's apparent authority as to justify the trial court in submitting to the jury the question of his authority to bind the club? We think these two questions should be answered in the affirmative.

It is admitted that the club employed Roachman as manager or steward and paid him a salary. It is a matter of common knowledge that one of the duties of a steward of a country club is to obtain the supplies necessary to serve the members of the club with meals and refreshments. While it is true that as between Roachman and the club Roachman was to be responsible for the payment of the supplies ordered by him; yet, by his employment as steward the club had apparently clothed Roachman with the powers usually appertaining to the position of steward, of which one was the purchase of supplies for a club. When, therefore, Roachman approached the plaintiffs, informed them of the position he held with the club, ordered provisions which were charged to the club, delivered to the club house, and bills therefor were mailed to the club monthly, and this course of dealing continued for approximately five months, without either repudiation of Roachman's authority or any intimation from the club that he was without authority to bind it, we feel that such evidence presented a question for the determination of the jury.

In addition to the evidence referred to, which was not disputed, there was also testimony which was disputed as to the receipt of the check or checks of the club which were applied to the account, and the president's statement to one of the plaintiffs that the club owed him money, but not to worry, that he would get it. If the check or checks received by the

plaintiffs were the club's checks the sending of them to the plaintiffs was a recognition or ratification of the agency of Roachman, as was also the statement of the president. The plaintiffs were also entitled to have this testimony submitted to a jury.

We think the action of the trial court was correct in submitting the case to the jury and refusing to grant the motion for a nonsuit and for the direction of a verdict. The case of *Scull* v. *Skillton,* decided by this court and reported in 70 *N. J. L.* 792, is in many respects similar to the present case. In that case it was held that the question of agency was one for the determination of the jury. The following excerpt from the opinion gives the facts:

"The plaintiff sought to recover judgment for certain goods (groceries) alleged to have been sold and delivered by him to the defendant for the supply of the Hotel Champlaine, at Atlantic City, during the summer season of 1899. The plaintiff's evidence did not show that any contract of purchase of the goods in question was ever made by the defendant; nor that the articles had been delivered to her; nor that she received the benefit or use of any of the goods; but did show that the goods had been contracted for by a certain Mrs. Gault and had been delivered to her at the hotel above named, of which she claimed to be the manager. The plaintiff's effort was to prove that this third person, by whom the goods were contracted for, was an agent or manager for the defendant in the carrying on or 'running' (as all the parties seemed to have termed it) the Hotel Champlaine, where the goods were delivered and used. The plaintiff was, of course, bound to show that the defendant was the real principal in the transaction and, therefore, was liable for the goods so sold and delivered. Whether the defendant was the principal or proprietor or not in the running of this hotel was the subject of controversy under the evidence. There was no proof of an express agency from the defendant to Mrs. Gault to charge the former for the debts of the latter; but one was sought to be implied from the circumstance of

the alleged running of the hotel by the defendant. All this was, of course, for the jury, and the trial judge so regarded it and there placed it."

The third ground of appeal is that the court admitted evidence as to statements of Roachman, the agent, as to his agency. No statement of this kind is pointed out in the appellant's brief, to which exception was taken, and a reading of the testimony discloses none.

The fourth ground of appeal is the denial of the admission of evidence showing the terms on which Roachman was hired. The record discloses no exception by appellant's counsel to this ruling, so it will not be considered.

The fifth ground of appeal deals with a portion of the court's charge to which an exception was taken. The portion of the charge complained of was taken from the case of *J. Wiss & Sons Co.* v. *H. G. Vogel Co., supra,* and stated the law correctly.

The last ground of appeal brings up certain answers made by the trial judge to questions asked by the jury. We have examined these and see no prejudicial error to the appellant in the answers.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.