THE "WHITE" DOOR BED COMPANY, RESPONDENT, v.
UNITED STATES MORTGAGE AND TITLE GUARANTY
COMPANY OF NEW JERSEY, APPELLANT.

Submitted October 26, 1928—Decided May 21, 1929.

For the appellant, *Reed & Reynolds.*

For the respondent, *Jacob L. Newman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The respondent in this case, who was the plaintiff below, sometime in the summer of 1926 entered into a contract with the Acropolis Realty Company, which was then engaged in the erection of a nine-story apartment house in the city of East Orange, by the terms of which it agreed to furnish to the latter company certain cabinets, door beds and other fixtures, to be used in said building, and to install the door beds therein, for the price of $12,612.50. By the terms of this contract, it was not to be binding upon the respondent unless and until the Acropolis Realty Company obtained from the present appellant a promise to pay the respondent the amount due to it upon the performance by it of the contract on its part, out of moneys due and to grow due to the Acropolis company on a "construction" mortgage given to it by the Acropolis company to secure the payment of $375,000, by the terms of which it was to pay the mortgagor, from time to time, moneys due to contractors for work done and materials furnished in the construction of the apartment house. Pursuant to this arrangement, the Acropolis company executed a written assignment of $12,612.50 of the mortgage fund to the respondent; the writing also containing a direction to the appellant to pay that amount to the respondent upon the completion of its contract. This paper was taken by an agent of the plaintiff to the principal office of the appellant company; and, according to his testimony, the president being absent, he exhibited it to one Ward, a vice-president of the company; and Ward, after reading it, told him to take it to one Perselay, and that the latter would give him the order, Perselay being the agent of the company to give out the checks for construction loans after the amounts due on such loans had been designated by the engineering and accounting department of the appellant. In compliance with this instruction from Ward, respondent's agent went to Perselay's desk, showed him the assignment of the Acropolis Realty Company, and told him what Mr. Ward had said with reference thereto. Perselay then wrote out and gave to the respondent's agent a paper reading as follows: "The

'White' Door Bed Company, Gentlemen: This is to acknowledge receipt of an order issued by the Acropolis Realty Company on us, in your ·favor, for $12,612.50, to be paid to you direct out of the mortgage moneys we have in our possession on a $375,000 loan extended by us to the Acropolis Realty Company. We wish to advise you that we will make payments direct to you, as requested in this order, but only when the money is forthcoming to the Acropolis Realty Company. Very truly yours, United States Mortgage and Title Guaranty Company of New Jersey, by Arthur Perselay." Having received this acknowledgment and promise, the respondent proceeded to perform its contract with the Acropolis Realty Company, completing it in December, 1926, some three months after the execution of the writing by Mr. Perselay, with the exception of the installation of certain of the door beds, which it was unable to do because of the fact that the Acropolis· Realty Company had failed to supply openings in the walls of the building, this being a duty resting upon it under the contract. The expense of such installation, it was practically conceded, would not have been over $50. After completing the performance of this contract, with the exception indicated, the respondent requested from the appellant payment of the moneys due to it; and, upon its request not having been complied with, it brought the present suit. The trial resulted in a verdict in favor of the respondent for the amount of the debt due it from the Acropolis Company, and the United States Mortgage and Title Guaranty Company of New Jersey has appealed from the judgment entered on that verdict.

The first ground urged before us for a reversal is that Perselay, who signed the paper which is the basis of this suit, had no authority to represent the appellant company in executing the alleged acceptance of the assignment by the appellant company to the respondent, and that, for this reason, the trial court should have granted appellant's motion for a nonsuit. The proofs submitted on the part of the appellant clearly showed that its president was little more than a figurehead in the corporation, and that the management of

its business was left in complete control of its three vice-presidents; that each one of them assumed to act for the company in any matter submitted to him; and that no objection to such assumption of power to represent the company was ever made either by the president or the board of directors. These facts go far towards supporting the conclusion that Ward was acting as the duly authorized representative of the corporation in designating Perselay as the company's agent to consider and act upon the assignment of the Acropolis Realty Company to the respondent of moneys in the hands of the latter to become due to the Acropolis company under the mortgage made by it to the appellant. But, assuming that no such authority was actually vested in Vice-President Ward, that fact is not necessarily a bar to the respondent's right of action. As was stated by Mr. Justice Trenchard in *Wiss & Sons Co.* v. *H. G. Vogel Co.*, 86 *N. J. L.* 618, 621: "As between the principal and third persons, the true limit of the agent's power to bind the principal is the apparent authority with which he is invested. The principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume; * * * and the reason is that to permit the principal to dispute the authority of the agent in such cases would be to enable him to commit a fraud upon innocent persons." In view of the testimony to which reference has been made, it was clearly the function of the jury, and not of the court, to determine whether or not Ward, in referring the matter of the respondent's assignment to Perselay for the latter's consideration and determination, was acting as the duly authorized representative of the appellant; and, if not, whether his action was within his apparent authority as vice-president of the corporation.

For the reason indicated, we conclude that this ground of appeal is without legal substance.

The next contention made by the appellant is that, assuming that the act of Perselay bound the company, still no cause of action existed against it in behalf of the respondent, because of the alleged fact that when the latter demanded payment and appellant had no moneys in its hands payable on

account of the respondent's claim for materials furnished to and work done for the Acropolis company. But, assuming that fact to be true, that does not relieve the appellant from liability to pay to respondent the moneys due to it under its contract with the Acropolis company. The testimony of witnesses called by the appellant discloses that when this transfer agreement was signed by Perselay there was over $100,000 in the appellant's hands to be paid to the Acropolis company for the purpose of discharging debts due or to grow due from it to contractors for work done and materials furnished in the erection of the apartment house. It is conceded that at the time of the demand for payment made by the respondent, most, if not all, of this money had been paid out to satisfy the claims of these other contractors. The obligation of the appellant arising out of the instrument which is the basis of the present suit was to retain out of that $100,000 the sum required to pay the moneys to become due to the respondent when it completed the performance of its contract with the Acropolis company; and it cannot avoid that obligation by paying the moneys to satisfy the claims of other contractors. It held those moneys to the extent of $12,612.50 in trust for the respondent, to be paid to the latter when its right to receive payment from the Acropolis Realty Company had accrued and become complete; and its payment to the other creditors of that company was in violation of that trust. We conclude that the appellant can take nothing by this ground of appeal.

It is further contended that the trial court erroneously charged the jury that if there had been a performance by the respondent of the contract it had made with the Acropolis company except as to the hanging of the door beds, the respondent was entitled to recover the contract price, less a reasonable deduction for the work not done. The charge in this respect was taken from the opinion of this court in *Feeney* v. *Bardsley*, 66 *N. J. L.* 239; and we find nothing in the brief of counsel for the appellant which even creates a doubt as to the soundness of the rule laid down in the cited case. We conclude, therefore, that this contention is also without legal support.

The conclusions reached by us upon the reasons for reversal which heretofore have been discussed are dispositive of the other grounds for reversal referred to in the brief of counsel for the appellant, each of them being based upon the theory that the grounds of appeal which we have already determined are, one or more of them, sound.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ.  12.

*For reversal*—None.