WILLIAM REIDER ET AL., RESPONDENTS, v. EMMA SLOCKBOWER, APPELLANT.

Submitted May 28, 1930—Decided February 2, 1931.

For the appellant, *Morris & Downing* and *Lewis Van Blarcom.*

For the respondents, *George R. Vaughan.*

The opinion of the court was delivered by

DONGES, J.   This appeal involves judgments in favor of plaintiffs-respondents against defendant-appellant, in three separate suits, tried together at Sussex Circuit.

In their complaints respondents alleged there was a contract for the sale of the lots; that they paid in full to the agent of appellant; that they expended large sums of money in furnishing and improving the houses and premises; that appellant declined to perform the contracts, but, on the other hand, ejected respondents from the premises and converted their property to her own use.   The damages claimed were the moneys paid to appellant, through her agent, and, also, for the value of the property alleged to have been unlawfully converted by appellant.

The proofs tended to show that appellant was the owner of a tract of land and arranged with one John J. Fredericks to develop same; that Fredericks, as agent for appellant, entered into contracts with respondents for the sale and conveyance to them of lots, upon each of which lots Fredericks was to erect a bungalow; that appellant did not sign the contracts, nor was she designated as the vendor. Fredericks signed as vendor. The full purchase price in each case was paid to Fredericks. Respondents spent money on the bungalows and grounds and furnished the bungalows. Appellant declined to perform the contracts signed by Fredericks and, finally, dispossessed respondents.

It was testified by respondents and by Fredericks that appellant had instructed the purchasers to deal with Fredericks in the matter; that he was authorized to act as her agent in the transactions; and that she was fully informed as to what was taking place between Fredericks and respondents and by her conduct acquiesced in and ratified his conduct.

Eight grounds of appeal are written down, of which numbers two, three and eight are abandoned.

The first ground of appeal is that the contract between Fredericks and Reider and the contract between Fredericks and Pifer were erroneously admitted in evidence.

Appellant asserts that because the contracts in question did not comply with the provisions of the statute of frauds "that no action shall be brought upon any contract for the sale of lands, tenements or hereditaments or any interest therein, or concerning them, unless the agreement on which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized," they could not be admitted in evidence.

The contracts did not comply with the statute and could not be enforced to compel conveyance of the lots by the appellant. In view of the testimony as to the agency of Fredericks, they were admissible as evidence of the transaction between the parties and of the terms upon which appellant,

by her agent, Fredericks, obtained money from the respondents. They were likewise evidential of what Fredericks did in pursuance of his agency.

The fourth ground of appeal is that the trial judge erroneously refused to admit in evidence a letter written by one Bernard Devin, an attorney, to the appellant. There was no error in this refusal, for the reason that it did not appear that the letter was in fact written by Mr. Devin.

The fifth and sixth grounds of appeal are that the trial judge erroneously refused to nonsuit at the close of the plaintiffs' case, and erroneously refused to direct a verdict for defendant upon the whole case. These grounds of appeal will be treated together.

As above stated, it was uncontradicted that plaintiffs below paid money to Fredericks. It was likewise undisputed that appellant drove respondents off her land and took their property. She claimed they were on her land without right. They asserted they were in possession in consequence of the acts of her duly authorized agent, and that the payment of money to Fredericks constituted payment to her.

The mere fact that the contracts were unenforceable would not entitle appellant to retain the moneys paid thereunder, after her refusal to perform. Nor would she be entitled to convert respondents' property, if they put their property on her land in consequence of the acts of the appellant, done through her duly authorized agent.

Whether Fredericks was, in fact, her agent for the purpose of making contracts for the sale of lands; whether he was authorized to put respondents in possession of such lands; and whether he was authorized to receive money for appellant, were disputed questions of fact to be determined by the jury.

There was no error in the refusal to nonsuit or to direct a verdict for defendant-appellant.

The seventh ground of appeal is that the trial judge declined "to charge the jury as to what constitutes duress."

The trial judge made reference to the fact that some witnesses testified that, after she declined to carry out the con-

tracts signed by Fredericks, they had negotiations with appellant resulting in agreements for the conveyance of the lands, but that such agreements were made as a consequence of "being scared into it." The exception taken was to the refusal of the court to charge what constitutes duress. Appellant made no request for instructions on this point, and what the trial judge said seems to be unobjectionable.

The judgments are affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.