WILLIAM A. BURLEW, PLAINTIFF-RESPONDENT, v. BROCKWAY MOTOR TRUCK CORPORATION, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-appellant, *Richard M. Glassner.*

For the plaintiff-respondent, *Paul W. Ewing.*

The opinion of the court was delivered by

BROGAN, J. Plaintiff below, a truckman, purchased a Brockway motor truck from the appellant, Brockway Motor Truck Corporation, through that company's representative, Kumpf. The agreement between the parties called for a

credit on an old truck turned in by the purchaser in the amount of $954, a down payment of $500, and the balance in eighteen installment notes. The total purchase price was $5,923. Later the purchaser, Burlew, and the representative, Kumpf, entered into another agreement of purchase and sale whereby Kumpf agreed to allow the purchaser twenty-five per cent. of his commission, on the purchase of a second truck, providing Burlew would pay the balance of the purchase price on the first truck in cash. This offer was accepted. The first truck was bought on December 2d, 1929, and on December 30th, 1929, the respondent paid to Kumpf the balance due the Brockway Motor Truck Corporation of $4,521.79, as follows: $4,400 in cash and $121.79 by check and received in turn a bill of sale, properly executed, and a return of his installment notes, the fact being that Kumpf destroyed the notes in the maker's presence. Kumpf defaulted with the money. On the following day representatives of the company took the truck away from Burlew as a result of which an action in replevin was brought by him and judgment recovered against the company, which judgment is before us on appeal.

At the trial of the case in the Essex County Circuit Court the trial court admitted into evidence a receipt in the amount of $4,521.79, purporting to show payment in full for the truck in question, which receipt was signed by Kumpf as "sales manager." The court also admitted into evidence a check in another transaction, not between these parties, in the sum of $280, made payable to the order of the Triangle Garage Sales Company, which was a trade name under which Kumpf operated, purporting to show that the said Kumpf in that transaction had received a check in payment of a debt due his employer, Brockway Motor Truck Corporation, and another check paid by another customer of the Brockway Motor Truck Company, in the sum of $1,120, both of which bear the endorsement in blank of Kumpf. The admission of these exhibits are urged as errors. There are other points set out in the petition of appeal but since they are not argued in the appellant's brief they must be consid-

ered as having been abandoned. *Sargeant Brothers, Inc.,* v. *Brancati,* 107 *N. J. L.* 84; *Cleaves* v. *Yeskel,* 104 *Id.* 497; *Cropsey* v. *Cropsey,* 144 *Atl. Rep.* 621.

The substance of the present appeal is a question of agency. Was the employe, Kumpf, an agent, acting within the scope of his authority in dealing with Burlew or were his acts within the apparent scope of his authority? If so, they are binding upon the appellant. The rule is that "as between the principal and third persons the true limit of the agent's power to bind the principal is the apparent authority with which the agent is invested. The principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. And the reason is that to permit the principal to dispute the authority of the agent in such cases would be to enable him to commit a fraud upon innocent persons." This is the language of the Court of Errors and Appeals in the case of *Wiss & Sons* v. *Vogel Co.,* 86 *N. J. L.* 618, following the reasoning of a leading case in this state. *Law* v. *Stokes,* 32 *Id.* 249.

The testimony in the case manifests that the exhibits complained of were properly received since they were evidential of the agent's authority and being so were germane to the issue. The witness, Crotteau, head of the sales force, one of the appellant's witnesses, testified in the case that he told Kumpf at one time to see Burlew and to get "either the money or the truck back," and in answer to the direct question as to whether Kumpf had his permission to collect the money, he replied in the affirmative. This same witness further testified that on the morning of December 30th, 1929, he had gone to the home of the respondent and had been informed that the respondent had finished up this account and made settlement as per agreement with Kumpf. Crotteau did not then disavow the agency but hurried off, without complaint to anyone, to find Kumpf.

There was testimony in the case that the respondent had informed Crotteau further that he had intended paying cash for this truck. Certainly Kumpf, whose agency the appel-

lant repudiates, was clothed with some of the *indicia* of agency for receiving payment because at the time that payment was made to Kumpf he had in his possession an executed bill of sale and the installment notes of the respondent which, upon the receipt of payment from the respondent, he delivered. All of these facts and circumstances presented a fact question for the jury. The respondent was entitled to rely upon the authority with which this employe seemed to be clothed. See *"White" Door Bed Co.* v. *United States Mortgage and Title Guaranty Company of New Jersey*, 106 N. J. L. 372; *Heckel* v. *Cranford Golf Club*, 97 *Id.* 538.

There was no error committed by the trial court either in receiving the evidence complained of or in submitting the issue to the jury and the judgment under appeal is therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.