INTERNATIONAL DYE AND PRINT WORKS, INCORPO-
RATED, PLAINTIFF-APPELLANT, v. FASHION SCREEN
PRINTING COMPANY, DEFENDANT-RESPONDENT.

Submitted January 31, 1936—Decided July 18, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Abram I. Bluestein.*

For the respondent, *John O. Benson.*

The opinion of the court was delivered by

PERSKIE, J.   This is the plaintiff's appeal from a judg-
ment entered on a jury verdict in favor of the plaintiff and
against the defendant in the sum of $50.

From the schedule annexed to the antiquated form of state of demand, and the proofs adduced, it would appear that suit was instituted to recover $250 the unpaid balance of rent for floor space in plaintiff's mill. The facts disclose that defendant occupied the second and third floors of plaintiff's mill as a tenant at the monthly rent of $450. Defendant paid the rent for October in full but only $200 of the November, 1934, rent, claiming that at the request of the plaintiff it removed its machinery from the second floor. At the trial a dispute arose whether this machinery was removed from the second floor in October or November. Defendant, in addition to the $200 November rent payment, sent the plaintiff a check for $50 representing the value of the premises occupied by it for additional space. This check was refused and returned uncashed by the plaintiff. The facts further disclose that during the month of August, 1934, the president of the plaintiff corporation was abroad on his vacation leaving behind one Saul Geller and one Philip Kanter to look after his interests. Though the record is extremely confusing on this point, it seems that on August 14th, 1934, Kanter wrote the following letter:

"Fashion Screen Printing Company,

52 Putnam Street,

Paterson, N. J.

Attention: Mr. Kane.

Gentlemen:

This will inform you that on or about September 1st, we wish to acquire for our own use second floor premises of our plant that you occupy at River and Putnam Streets. This request has been made of you by Saul Geller a few weeks ago and your reply was that we could have same within a couple of weeks. Our insurance company requires us to move all our griege goods from the lower floor on account of the possibility of water damage. So, therefore, we are forced to write this letter.

Very truly yours,

INTERNATIONAL DYE AND PRINT WORKS,

(Signed)   P. KANTER."

By this letter, which over objection of the plaintiff was admitted in evidence and marked *D-2,* defendant sought to prove a surrender of the second floor. Plaintiff resists the admission of the letter on the ground that Kanter had no authority to bind it. Plaintiff produced the answer to this letter. It follows:

"Gentlemen:

Pursuant to your notice of August 14th, 1934, we will start taking our tables apart and vacate second floor as requested. At this time we cannot decide what we can do with the balance of plant but will remove it on or before January 1st, 1935. Yours very truly,

FASHION SCREEN PRINTING COMPANY,

JOHN A. KANE, President."

Then, in order to show that even were there no authority, there was a ratification, defendant offered the following letter written by the president of the plaintiff corporation upon his return from his vacation, in answer to the letter hereinbefore set forth:

"Fashion Screen Printing Company,

Mr. John A. Kane, 52 Putnam Street, Paterson, N. J.

Dear Sir:

We are in receipt of your letter of the 28th of September and wish to advise you that unless you remove everything immediately, you will have to pay full rental as originally agreed upon.

Yours very truly,

INTERNATIONAL DYE AND PRINT WORKS,

H. GELLER."

Plaintiff's grounds of appeal are that the court erred in permitting defendant's witness to testify as to the amount of the floor space of the second floor occupied by defendant; and the court's denial of a motion for a direction of a verdict. These were the only points argued. They will be the only ones considered. *Marten* v. *Brown,* 80 *N. J. L.* 143; 76 *Atl. Rep.* 1009; *affirmed,* 81 *N. J. L.* 599; 80 *Atl. Rep.* 476; *Bahrey* v. *Ponitiashin,* 95 *N. J. L.* 128; 112 *Atl. Rep.* 481; *Eggert* v. *Mutual Grocery Co.,* 111 *N. J. L.* 503, 504; 168 *Atl. Rep.* 312.

*First:* As to the admission of the letter marked *D-2.* Plaintiff contends that the admission of this letter is reversible error since there was no evidence to show that Kanter, the writer thereof, had any authority to bind the plaintiff corporation. The evidence shows that while the president was away Geller and Kanter were left in charge of the business. Whether Kanter had the authority to deal with the tenant or not is questioned. This is a fact question and we think it was properly left to the jury. *J. Wiss & Sons Co.* v. *Vozne,* 86 *N. J. L.* 618; 92 *Atl. Rep.* 360; *Heckel* v. *Cranford Golf Club,* 97 *N. J. L.* 538; 117 *Atl. Rep.* 607; *"White" Doorbed Co.* v. *United States, &c., Co.,* 106 *N. J. L.* 372; 146 *Atl. Rep.* 216; *Reider* v. *Slockbower,* 107 *N. J. L.* 331; 153 *Atl. Rep.* 604.

*Second:* Did the trial court fall into reversible error in permitting testimony as to the space occupied by the defendant corporation? We think not. Assuming, but not so deciding, that the question was remote and immaterial, it would only constitute grounds for reversal if it injuriously affected substantial rights of the plaintiff. *American Process Co.* v. *Pensauken Brick Co.,* 78 *N. J. L.* 658; 75 *Atl. Rep.* 976; *Mockabee* v. *English,* 12 *N. J. Mis. R.* 733, 736; 174 *Atl. Rep.* 557. We fail to see in what way this evidence was harmful to the plaintiff. The contention is that this evidence made it appear that defendant was greatly hampered in its business due to the actions of the plaintiff. Be that as it may, the answer to that contention is that no claim was set up by the defendant on this score. This was not in issue. We fail to see any error injuriously affecting the substantial rights of the plaintiff by the admission of this evidence.

*Third:* (a) Was there error in denying plaintiff's motion for a directed verdict? We think not. The question as to whether or not there was a surrender by operation of law was a disputed one. It is, of course, true that the mere acceptance of the key will not of itself constitute a surrender. *Joyce* v. *Bauman,* 113 *N. J. L.* 438, 440; 174 *Atl. Rep.* 693. The evidence in this case went further in that the defendant vacated part of the leased premises. The jury might well

have found, and apparently did in fact so find, that there was a surrender. We, therefore, are of the opinion that the question of surrender was one for the jury to determine and was, therefore, properly submitted to it under the disputed proofs here exhibited. *Lorenz* v. *McCloskey, 5 N. J. Mis. R. 27, 29;* 135 *Atl. Rep.* 350.

(b) As to the apportionment of rent. There is a dearth of authority in this state on this subject, particularly in the form in which it now appears before us. In this case the landlord is resisting any apportionment. Our cases have held that the landlord is entitled to an apportionment in various circumstances but we have never been called upon to decide whether the tenant may, as a matter of law, have an apportionment of the rent. See *Gribbie* v. *Toms,* 70 *N. J. L.* 522; 57 *Atl. Rep.* 144; *affirmed,* 71 *N. J. L.* 338; 59 *Atl. Rep.* 1117, and cases therein cited. Other jurisdictions have dealt with this question.

Thus it has been held that: "Where a tenant surrenders a part of the premises, the rent will be diminished in proportion; but if the value of such demised premises is not impaired, by such partial surrender, the landlord may recover the entire rent reserved." 36 *C. J.* 382, § 1256, and cases cited thereunder.

In the case at bar the proofs clearly disclose that the value of the demised premises was impaired by the surrender; that this is so appears not to be even questioned. It follows then that the rent should be decreased in proportion. It is, of course, true that, in apportioning the rent, the value and not merely the area of the respective portions of the demised premises is to be considered. *Gribbie* v. *Toms, supra;* 36 *C. J.* 381. Our study of the proofs in this case leads us to the conclusion that there was sufficient legal evidence from which the jury could have determined the value of the premises in question. The testimony regarding the area of the second floor was but a link in this chain establishing the value. The trial court properly disposed of this point.

Judgment is affirmed.