HUDSON COOPERATIVE LOAN ASSOCIATION, INCORPORATED, PLAINTIFF-RESPONDENT, v. ARTHUR HOROWYTZ AND HARRY CAHN, DEFENDANTS-APPELLANTS.

Submitted January 31, 1936—Decided July 18, 1936.

Before Justices Heher and Perskie.

For the appellants, *Fred Goldstein.*

For the respondent, *Albert P. Margolies* (*William E. Decker,* of counsel).

The opinion of the court was delivered by

Perskie, J.   Arthur Horowytz, defendant below, appeals from a judgment, based on a directed verdict, in favor of the

plaintiff below in the sum of $420 and costs. There was no service upon the other defendant, Harry Cahn.

The plaintiff, a corporation organized under the General Corporation act (Revision of 1896) of the State of New Jersey, made a loan to the defendant in the sum of $500. This obligation was evidenced by an interest bearing note executed by the defendant to the order of himself and endorsed by Harry Cahn. The plaintiff seeks to recover for an alleged balance of $375 due on the note with interest from December 30th, 1933.

Among the seven defenses set up by defendant was a denial that he was indebted to the plaintiff in any amount whatever; he claimed that he had paid to the plaintiff, through its agent Harry Cahn, the last installment due on the note on October 10th, 1931; he also set up the affirmative defense of *"Nul Tiel Corporation."* The latter defense is rested on the premises that the plaintiff was engaged in the banking business contrary to sections 3 and 6 of the General Corporation act under which it had incorporated, and which sections are a prohibition against the exercise of banking powers by companies so organized. At the end of plaintiff's case defendant moved for a nonsuit. That motion was denied. At the end of the entire case each moved for a directed verdict with the result already stated.

*First:* The defendant contends that the trial court erred in directing a verdict as a matter of law because under the proofs here exhibited a fact issue was present. This issue was thus created, it is claimed, by virtue of the plea of payment. It is, therefore, argued that it was for the jury to determine whether payment to Cahn, the endorser of the note, was payment to the corporation by reason of a principal and agent relation. Cahn, it should be marked, was a director of the plaintiff corporation and was also an accountant for the defendant. There was no proof of any expressed or implied authority nor was there any evidence of ratification. The sole contention was that Cahn had apparent authority. We do not think that there is any merit to this contention. It must be borne in mind that the entire theory of holding

the principal liable on the ground of apparent authority is based on the doctrine of estoppel.

Our Court of Errors and Appeals, in *Erie Railroad Co.* v. *S. J. Groves & Sons Co.,* 114 *N. J. L.* 216; 176 *Atl. Rep.* 377, held that the rule is that the principal is bound by the acts of his agent with the apparent authority which he knowingly permits the agent to assume, or which he holds the agent out to the public as possessing. The question in every case depending upon the apparent authority of the agent is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question; and when the party relying upon such apparent authority, presents evidence which would justify a finding in his favor, he is entitled to have the question submitted to the jury. See, also, *Law* v. *Stokes,* 32 *N. J. L.* 249; *J. Wiss & Sons Co.* v. *H. G. Vogel Co.,* 86 *Id.* 618; 92 *Atl. Rep.* 360; *Heckel* v. *Cranford Golf Club,* 97 *N. J. L.* 538; 117 *Atl. Rep.* 607; *Burlew* v. *Brockway Motor Truck Corp.,* 109 *N. J. L.* 567, 569; 162 *Atl. Rep.* 656. Plaintiff denied that Cahn was vested with any apparent authority. Is there any evidence in the instant case showing any act or statement by the plaintiff which the defendant as an ordinarily prudent man might have relied upon? The fact that Cahn was a director of the plaintiff corporation did not of itself authorize him to act for the corporation. *Clement* v. *Young-McShea Amusement Co.,* 70 *N. J. Eq.* 677, 678; 67 *Atl. Rep.* 82. Nor is the fact that Cahn paid part of the note to the plaintiff any evidence of authority or any basis for an estoppel since Cahn was himself an endorser of the note. Evidence from which an estoppel may be spelled out is altogether lacking.

Thus when, as here, the facts and the inferences deducible therefrom are clear and undisputed, and conclusively show lack of authority, it is the duty of the trial judge to determine the issue, as he did, by peremptory instructions to the jury. *American Saw Co.* v. *First National Bank of Trenton,* 60

*N. J. L.* 417; 38 *Atl. Rep.* 662; *Belcher* v. *Manchester Building and Loan Association,* 74 *N. J. L.* 833; 67 *Atl. Rep.* 399; *Passaic-Bergen Lumber Co.* v. *United States Trust Co.,* 110 *N. J. L.* 315; 164 *Atl. Rep.* 580.

*Second:* Defendant further contends that his motion for a nonsuit should have been granted since the evidence clearly showed that the plaintiff was a corporation doing banking business contrary to section 3 and section 6 of the General Corporation act aforesaid, and, therefore, could not maintain this suit. This is not so. It is true that by making this loan the corporation exceeded its powers. It is true that by lending this money the corporation acted in contravention of the statute. Nevertheless this was a suit on an executed contract. The defendant received the benefits therefrom; he received and used the money. To allow a successful plea of *ultra vires* under such circumstances would not only be contrary to every instinct of fair dealing but also contrary to all principles of simple justice. *Downs* v. *Jersey Central Power Co.,* 115 *N. J. Eq.* 348; 170 *Atl. Rep.* 835; *affirmed,* 117 *N. J. Eq.* 138; 174 *Atl. Rep.* 887.

"The doctrine of *ultra vires* when invoked *for* or *against* a corporation, is not allowed to prevail where it would defeat the ends of justice or work a legal wrong." *Earle* v. *American Sugar Refining Co.,* 74 *N. J. Eq.* 751, 763; 71 *Atl. Rep.* 391, and cases therein cited.

In fine, it is well established that "a fully executed contract cannot be receded from on the mere ground that one of the parties thereto was not a corporation or exceeded its power. *Camden and Atlantic Railroad Co.* v. *Mays Landing, &c., Railroad Co.,* 48 *N. J. L.* 530." *First National Bank of Ocean City* v. *Zelley,* 106 *Id.* 510, 513; 150 *Atl. Rep.* 413.

We have considered all the other points argued and find them to be without merit.

Judgment is affirmed, with costs.