STELLA KAPHERR, RESPONDENT, v. WALTER SCHMIDT, APPELLANT.

Submitted March 26, 1923—Decided June 18, 1923.

1. Where parties to an action try and submit the question at issue upon a theory apparently satisfactory to themselves, and suffer the case to go to the jury upon the legal theory thus adopted, it is too late, upon appeal, for either party, for the first time, to question the legal propriety of the course pursued.

2. A witness testified on direct examination to facts within her observation, and, upon cross-examination, was interrogated as to facts that she did not and could not have observed, and the trial court refused to permit the witness to answer them. Counsel then moved to strike out her entire testimony on the subject, which the trial court refused. *Held*, that the action of the trial court was correct, as the testimony sought to be elicited upon cross-examination would have obviously been mere conjecture or hearsay.

On appeal from the Bergen County Circuit Court.

For the respondent, *Mark A. Sullivan*.

For the appellant, *Wall, Haight, Carey & Hartpence*.

The opinion of the court was delivered by

MINTURN, J. The plaintiff having accidentally broken a needle in her right hand, called upon the defendant, a practicing physician in her locality, to treat the injury. He made an incision and probed the wound in an effort to locate the disrupted needle, but without avail. At his suggestion plaintiff returned the next day, at which time he advised her that an X-Ray picture would be taken of the injured hand. The picture when taken exhibited the broken needle in her right hand near the wrist. Defendant thereafter undertook an operation at plaintiff's home, upon the hand, in the presence of his friend, Dr. Roberts, who administered the ether to plaintiff, for a period of over an hour, during which time the defendant cut the hand in various directions

in his effort to reach the needle. Failing to extract it he discontinued his efforts, and obtaining a piece of wire from a drawer in plaintiff's kitchen, and without proper sterilization, as is claimed, inserted the wire in the open wound. He then packed the wound, bandaged the hand and did nothing further in the way of operating. He called subsequently and looked at the hand, which showed symptoms of a hemorrhage, from which the plaintiff suffered intensely. She urged him during his visits, and while he was dressing the hand to subject-her during that procedure to another anesthetic; and also urged him to call in another physician. This he failed to do, but upon the same evening she called in another physician, in the locality, who took her in charge; after which she was taken to the North Hudson Hospital, where, under the administration of ether, another operation was performed, and the broken needle extracted. At that time, it was observed, severe infection of the hand had set in, and when the wound finally healed, two of her fingers were curved into the palm of the hand, and she was unable to move them for any practical purpose, while the hand itself was so severely shattered and disfigured that she became unable to follow her usual occupation for nearly eight months.

Upon the trial of this suit, she alleged, as the gravamen of her case, the defendant's negligence in the treatment of her hand, and the jury at the Circuit so considering it, rendered a verdict in her favor for $2,500, from which judgment this appeal was taken.

It is insisted for reversal that a verdict should have been directed for the defendant, because of the absence of proven negligence upon the part of defendant. At the trial the issue was rather narrowed to an inquiry as to whether the infection of the hand was due to defendant's negligence or to other causes not related to the treatment. The case was tried almost entirely upon that theory, and no objection was taken by defendant to that course of procedure. In such a situation, where parties without objection try and submit the question at issue upon a theory apparently satisfactory to themselves, and suffer the case to go to the jury upon the

legal theory thus adopted, such course of procedure becomes the law of the case, and it is too late, upon appeal, for either party for the first time to question the legal propriety of the course thus pursued. In any event, to sustain a verdict otherwise regular, an amendment will be ordered here, if necessary, to conform the allegations to the proof. *Levensen Co.* v. *Gatti-McQuade Co.,* 93 *N. J. L.* 185; *Giardini* v. *Director General, Id.* 138.

There was ample proof also for a jury to consider, in harmony with the plaintiff's distinct allegation, that owing to defendant's negligence in operating, the needle was suffered to remain in the plaintiff's hand until finally extracted at the hospital by another surgeon. The weight and credibility of this testimony, when compared with that offered by the defendant, manifestly, was for the jury, and the refusal of the learned trial court to direct a verdict, under the circumstances, was therefore proper.

The second and last objection raised relates to the ruling of the court, concerning the testimony of a woman attendant, who was present during the final operation, by the defendant. The witness testified to the operation in detail, and then was asked whether she knew what the defendant had done prior to the actual operation, with certain of the surgical instruments he employed in the operation before he came to plaintiff's house to operate. To this she answered in the negative, and this was followed by an inquiry to ascertain what the defendant had done with the instruments at defendant's house, at a time prior to the operation, when the witness was not present, and concerning which she was not interrogated upon her examination in chief. The court having overruled that inquiry, involving facts which confessedly were not within the observation of the witness, properly refused the motion of defendant's counsel to strike out her entire testimony upon that subject. The witness had testified to facts within her observation only; and any further testimony elucidating defendant's preparation for the operation not within her knowledge, was part of defendant's case, where

such testimony upon cross-examination could not be elicited as substantive proof from the plaintiff's witnesses. What this witness observed was obviously testimony of the highest order; what she did not and could not observe must have been in the last analysis mere conjecture or hearsay, and, manifestly, in either aspect would be objectionable from every evidential point of view.

The judgment will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.