WILLIAM EHRET, RESPONDENT, v. GEORGE HERING, APPELLANT.

Argued June 8, 1923—Decided November 7, 1923.

The amendments made to sections 60 and 61 of the District Court act by chapter 132 of the laws of 1922 (*Pamph. L.* 1922, *p.* 230) do not make it obligatory for a defendant to file as set-off or counter-claim a cause of action in which the damages are unliquidated.

On appeal from the District Court of the Second Judicial District of Bergen county.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Joseph Frederick Bratt.*

For the respondent, *Warner W. Westervelt, Jr.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the District Court of the Second Judicial District of Bergen county. The plaintiff below, William Ehret, and the defendant below, George Hering, owned adjoining farms. On the Hering farm there was a roadway over which Ehret had a right of way. On July 18th, 1922, Ehret attempted to use this right of way to reach a hay crop on his farm which he desired to harvest. Hering prevented Ehret from using the right of way and Ehret assaulted Hering. In December, 1922, Hering sued Ehret for assault and battery and obtained a judgment. Ehret filed no counter-claim or set-off for the damages sustained by him in being prevented from gathering his hay crop. Later Ehret commenced, in another court, the present suit against Hering to recover damages for the loss of his hay crop. At the trial counsel for Hering offered a transcript of the judgment in the assault and battery case and then moved for judgment on the ground that

Ehret had lost his right of action because of his failure to counter-claim or set-off his claim for damages for loss of the hay crop in the assault and battery case. The court over-ruled the motion and gave judgment for Ehret for $240 for the loss of his hay crop. To this judicial action Hering excepted and has appealed to this court. The appellant con-tends that an amendment to section 60 of the District Court act, made in 1922 (*Pamph. L.* 1922, *p.* 230), obligated Ehret in the action for the assault and battery to set-off or counter-claim his claim for the loss of his hay crop or be forever barred from instituting an action therefor. Prior to 1922 the pertinent part of section 60 of the District Court act read as follows: "Sixty \* \* \* and if the defendant have any account or demand against plaintiff he shall be permitted to discount or set-off the same against the account, debt or demand of such plaintiff \* \* \* (*Pamph. L.* 1916, *p.* 540)."

By the act of 1922 this portion of section 60 was amended to read as follows: "\* \* \* and if the defendant have any account, demand or cause of action against plaintiff he shall be permitted to discount, set-off or counter-claim same against the account, debt or demand of such plaintiff \* \* \* (*Pamph. L.* 1922, *p.* 230)."

It will be observed that the change made in the statute is by inserting after the word "demand" the words "or cause of action," and by inserting the words "or counter-claim" after the word "set-off." By the same amendatory act (*Pamph. L.* 1922, *p.* 230) section 61 of the District Court act was amended to read as follows: "Sec. 61. If any de-fendant neglect or refuse to deliver a copy of his account, demand or cause of action against such plaintiff, he shall forever thereafter be precluded from having or maintaining any action for such account, demand or cause of action, or from setting off or counter-claiming the same in any future suit; provided, always, that where the balance found to be due to said defendant exceeds the sum of $300, then the said defendant shall not be precluded from recovering his account, demand or cause of action against such plaintiff in any other court of record having cognizance of the same."

In the case of the *Slaytor-Jennings Co.* v. *Specialty Paper Box Co.,* 69 *N. J. L.* 214, it was decided that section 60 of the District Court act did not permit a defendant to set up a set-off or counter-claim for unliquidated damages against the plaintiff. This case was decided in 1903. The appellant contends that the amendment of 1922 was enacted for the express purpose of overcoming the doubt as to the right and duty of a defendant to counter-claim any cause of action or demand for less than $300, which appears to have existed since the passage of the 1912 Practice act and in the use of the word "set-off" as construed by *Slaytor-Jennings Co.* v. *Paper Box Co.* The Practice act of 1912 on this subject reads: "Subject to rules, the defendant may counter-claim or set-off any cause of action. He may, and when required by the court shall, issue summons against any third party necessary to be brought in; but, in the discretion of the court separate trials may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out."

A counter-claim is a claim presented by a defendant in opposition to or deduction from the claim of the plaintiff. It embraces recoupment and set-off, although more comprehensive than either. It secures to a defendant the full relief which a separate action at law gives. 34 *Cyc.* 629. A counter-claim may be for a liquidated sum or it may be for an unliquidated amount. By the rules of the Supreme Court it is virtually made optional with the defendant as to whether or not he files a counter-claim.

By the construction of the amended District Court act, insisted upon by the appellant, it would be obligatory upon the defendant to set up any cause of action he may have against the plaintiff by way of counter-claim, whether the same be liquidated or not, or be forever barred from instituting an action unless the balance found to be due the defendant exceeds the sum of $300, when the defendant is not precluded from recovering his account, demand or cause of action against such plaintiff in another court of record having cognizance of the same. There is much that can be said in

favor of the appellant's contention in view of the manifest trend of legislation to prevent multiplication of legal controversies. But to adopt the appellant's construction of the 1922 amendments results in making it compulsory for every defendant having a cause of action against a plaintiff for an unliquidated amount to file a counter-claim, or else take the chance of losing his cause of action if in an independent suit he fails to recover $300 more than the plaintiff has recovered in his suit against the defendant. In the present case the damages in the state of demand are laid at $330. As the court rendered a judgment for $240 the balance of course due the defendant if he had set up his cause of action by way of counter-claim would be less than $300. If the judgment had been for the amount claimed, namely, $330, then there would have been no ground for appellant's motion, if the judgment in the assault and battery action was less than $30 (there is nothing in the record which shows the amount of the judgment in the assault and battery action). We do not think that the legislature could have intended that any defendant having a cause of action which is unliquidated should be obliged to file it as a counter-claim in an action against him instituted in a District Court or take the chance of being precluded from prosecuting the same in another court unless the judgment recovered on the counter-claim is $300 in excess of the judgment recovered by the plaintiff. To adopt such a construction of the 1922 amendment might frequently work a hardship such as would occur in the present case. Ehret undoubtedly thought he had a good cause of action for $330. He had a right to use the way which Hering prevented him from using and thereby lost the hay crop which he could not gather because of Hering's action. He may have thought any damages growing out of the assault under the circumstances would be trivial and perhaps only nominal. Naturally he would not care to try his action in a forum of Hering's selection. Because he failed to divine the exact amount of damages which he would recover in a suit in which the damages were unliquidated he would lose, if the appellant's

construction is accepted, a sum which the court has found he is entitled to. We feel that this would be an extreme construction to place upon the language of the 1922 amendments and that the proper construction of the amended sections is to hold that they apply only to a cause of action in which the damages are liquidated. The judgment is affirmed, with costs.