JOSEPH I. LEVY, PLAINTIFF-APPELLANT, v. NICHOLAS G. HAMPTON AND HOWARD W. HAMPTON, DEFENDANTS-APPELLEES.

Decided October 19, 1925.

Landlord and Tenant—Rent and Counter-claim For Lack of Heat—Judgment on Counter-claim—Admission of Illegal Evidence Alleged But Not Sustained—Not Error For Defendant to Testify From Memorandum When Original Books Are in Court—Damages May Be Assessed to Time of Trial.

On appeal from the Atlantic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Carlton Godfrey* and *William J. Garrison.*

For the appellees, *Bourgeois & Coulomb.*

PER CURIAM.

This is an action that was brought to recover rent under a lease guaranteed by the defendant Nicholas G. Hampton, the tenant being Howard W. Hampton, who, upon application, was admitted as a party defendant, who answered and filed a counter-claim seeking to recover damages for loss alleged to have been caused by improper or defective heating plant.

The rent was paid in advance of the trial of the cause and the trial of the case was entirely upon the counter-claim, upon which plaintiff has a verdict and judgment for $2,500, from which this appeal is taken.

There are four grounds relied upon:

1. The admission of illegal evidence. The question objected to is—

"*Q.* What effect did the inability to heat your house have upon your future business?"

The objection to this seems to have been that it called for facts relating to a time subsequent to the commencement of the action. This question was not answered, but one similar was—

"*Q.* What effect did the inability to heat your house have upon your future business, I mean on the business after that season, whether it had any effect on your ability to do business this year?

"*A.* Most surely, yes.

"*Q.* Now, what was the effect?

"*A.* It had the effect that I have not been able to get and hold any steady business this year.

"Mr. Garrison—Now, I ask to have that stricken out."

We do not think that the question was objectionable, but, if it was, the question objected to was not answered, and when it was put in the amended form there was no objection to it.

2. That it was error to permit the defendant to testify from a memorandum taken from his original books when his books were in court.

We find no error in this.

3. This is included under the second point above raised, and is directed to alleged loss of the business of certain school teachers, but this ground is not now available, because the trial judge, at page 318, specifically instructed the jury that this testimony was not useable and in the following language:

"In the absence of proof that Miss Sheldon was authorized to procure accommodations for other teachers, there can be no recovery for those other teachers, because they failed to procure accommodations at defendant's hotel."

4. That is was error for the court to refuse the testimony of George W. McKay. There was no error in this. The testimony was incompetent and the court properly ruled against its admission.

5. That is was error for the court to refuse to charge defendant's fourth request.

That request is:

"There can be no recovery for damages alleged to have been sustained by the defendant beyond the date of his filing his counter-claim."

But this is not so.

Under rule 7, Practice act 1912, damages may be assessed to the time of the trial. *Garrison* v. *Borough of Fort Lee,* 92 *N. J. L.* 566.

The judgment below is affirmed, with costs.