REPORTING CORPORATION, PLAINTIFF-APPELLEE, v. HAROLD DESHERE ET AL., DEFENDANTS-APPELLANTS.

SAME v. SAME.

Submitted October 16, 1925—Decided January 21, 1926.

**Landlord and Tenant—Sealed Lease and an Alleged Assignment From One Defendant to the Other—Distinction Between Sealed and Oral Lease—Allegation That Lease Was Breached by Landlord For Failure to Make Certain Specified Repairs —Facts Considered and Judgment For Landlord Affirmed.**

On defendants' appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Nathan H. Berger.*

For the defendants-appellants, *McCarter & English.*

PER CURIAM.

These two cases are identical in principle. They are suits by a landlord for rent, the only difference between them being that the rent is claimed for a different period in each suit. They were tried together, and turn on the same considerations. The defendants in the case are Harold Deshere and Rose Deshere, his wife. There was a sealed lease running to Harold alone. During the term his wife came into the business in some way not distinctly shown, but she was jointly in possession of the premises with Harold. She set up in her specification of defenses that she had been in possession as assignee of a lease between the plaintiff and the defendant Rose Deshere (this, evidently, means Harold), which lease is dated February 21st, 1924, the plaintiff not having complied with all the covenants of said lease. Such is the language of the specification. No assignment was put

in evidence, and Harold testified on the trial that there had not been any. The state of demand was in two counts. The first count was for use and occupation; the second sets up the written lease to Harold, who went into business therein under the trade-name of Essex Talking Machine Company, and that in August following the defendant Rose registered said trade-name in her own name, and said store has nominally been conducted in the name of said Rose under said trade-name, but that both defendants have been in occupation during the months for which rent is claimed, "and by reason thereof defendants have made an implied contract with the plaintiff to pay for the use and occupation of said premises a rental of $150 per month, or $450 for the months named in the state of demand."

The case does not seem to have been tried on the strict theory of the state of demand. It seems fairly plain that the plaintiff could not recover for use and occupation because of the provisions of the statute. *Comp. Stat., p.* 3066, § 3. If the lease had not been under seal, the action of use and occupation would lie, and an oral lease or a written lease, not under seal would be not only evidence, but conclusive evidence of the rental value. *Holmes* v. *Stockton,* 26 *N. J. L.* 93. With the sealed lease the case is different, and, as against the defendant Harold, the plaintiff must recover on the covenants of that lease, if at all, and was entitled to recover unless the defense hereinafter discussed was made good. As to his wife, Rose, the case is more difficult, but inasmuch as she has stated on the record that she was assignee of the lease, that seems to be sufficient to support the judgment, notwithstanding her husband's denial of that fact in the testimony.

A *prima facie* liability being thus supportable, the defense against it is that the landlords breached a covenant to be performed on their part, and, consequently, are not entitled to recover. That covenant is as follows: "The party of the first part further agrees that before May 1st, 1924 (beginning of the term), and before the rent under this lease shall begin to accrue, it will furnish the demised building for the

occupancy of the party of the second part as follows": Here follows a rather detail specification of certain repairs, improvements and alterations to be made by the landlord. The lease was dated on February 21st.

The court overruled this defense and directed the jury to return a verdict for the plaintiff. This, of course, involves the assumption that the plaintiffs did not make the improvements covenanted to be made, and, therefore, it is necessary to determine, *first,* the meaning of the covenant, and *secondly,* whether, if it means what the defendants claim, it was an independent covenant under the ruling in *Stewart* v. *Childs Co.,* 86 *N. J. L.* 648. The tenants, in fact, did not vacate the premises, and, consequently, the question of constructive eviction is not in the case.

As a matter of construction, the question, of course, is whether the language of the covenant is to be taken as meaning that the rent shall not begin to accrue unless and until the furnishing in question has been performed, or whether it was intended merely to fix a time by which the covenanted repairs and alterations are to be completed. We think that where a question of rent is involved, any ambiguity in such a covenant as this ought to be resolved against the tenant on the theory that rent is a normal and natural incident to occupancy, so that if it is intended that the tenant is to have the premises rent free until something is done, that fact should be stated in terms too plain to admit of reasonable argument. The trial judge held that the clause was not to be construed as a waiver of the right to rent until the repairs were completed. If, as a matter of fact, they were not completed by the 1st of May, 1924, when the term commenced, it was conceded in the case that the defendants went into occupancy and remained there during the term for which the rent was claimed. Their claim, therefore, was that, because the repairs had not been completed, they were entitled to stay there without paying any rent. This claim we consider ill-founded, and that the judge properly overruled it.

For these reasons the judgment will be affirmed.