NEW JERSEY ALUMINUM COMPANY, PLAINTIFF-RE-SPONDENT, v. CHARMS COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the appellant, *Charles S. Smith* and *Merritt Lane.*

For the respondent, *William A. Wachenfeld.*

PER CURIAM.

This is an appeal from a summary judgment entered upon the striking out of the second paragraph of the answer filed in this cause.

The parties entered into a written lease on November 1st, 1923, for premises 699-711 Springfield avenue, Newark, for a term of five years. Defendant occupied the premises until May, 1927, when it vacated but continued to pay rent to and including September, 1927.

The action was brought to recover the rent for October, November and December, 1927, amounting to $3,735.40, and an increase in cost of insurance amounting to $835.02.

The lease contained the following provisions:

"It is further agreed between the parties hereto that all interior repairs to the said premises shall be made at the cost and expense of the lessee except to the roof of said building, repairs to which shall be made and paid for by the lessor," and

"It is expressly understood and agreed that said lessee is to take over said buildings in the condition in which they are at the present time; that said lessee make all repairs, alterations, changes of any kind at its own expense during the continuance of this lease as hereinafter set forth  *  *  *."

The defendant answered and counter-claimed.

The answer admits the lease and by its second paragraph denies any rent due because it says the premises became unsuitable for its business by disrepair and faulty repair of the roof.

We are not in this appeal concerned with the remaining portion of the answer because it is directed at the right of the lessor to recover extra cost of insurance and the summary judgment under review is for rent only. Neither are we here concerned with the counter-claim.

The second paragraph of the answer was struck out because it presented no facts constituting a legal defense to the action for rent.

Appellant urges that it presented facts amounting to constructive eviction and at least presented a question of fact.

We think not and that on the contrary the question involved is settled by *Stewart* v. *Childs Co.,* 86 *N. J. L.* 648. There was, therefore, no error in striking out this portion of the answer and in ordering summary judgment.

Appellant further contends that if the answer was not sufficient leave should have been extended to it to amend. The case before us does not show any application for such leave and it is therefore not a matter that may be argued here.

The judgment below is affirmed, with costs.