SILVER ROD STORES, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. KALMAN BERNSTEIN, TRADING AS K. BURNS & SON, DEFENDANT-RESPONDENT.

Submitted October 28, 1932—Decided January 31, 1933.

For the plaintiff-appellant, *Klein & Klein* (*Morris Klein*, of counsel).

For the defendant-respondent, *Osborne, Cornish & Scheck*.

The opinion of the court was delivered by

BODINE, J. The plaintiff sued for the rent reserved in a written lease covering premises in Newark. The defendant counter-claimed seeking damages for the breach of a covenant contained in the lease. The plaintiff had judgment for the rent reserved during actual occupancy, and the defendant prevailed upon its counter-claim recovering the earned interest upon moneys deposited as security for rent and damages for the breach of the covenant.

The covenant was contained in the twenty-eighth paragraph of the lease as follows: "The landlord agrees that it will not rent any other store in the building in which the demised

premises are a part, for the sale of jewelry, silverware and other articles usually sold in a jewelry store, or for the demonstration or sale of any such articles, except the demonstration and/or sale of clocks, watches and shaving paraphernalia, which articles are sold and demonstrated by the landlord herein in the store occupied by it in the said premises."

The proofs tended to show that the plaintiff landlord had violated the covenant and had competed with the defendant's jewelry store business to his detriment. The breach of the covenant seems not to have been seriously disputed because in response to complaint sometime prior to defendant's vacation of the premises, the plaintiff wrote: "Your complaint about the conflicting articles of merchandise which you handle in your store and which we handle in our store is well taken, and we are going to correct the nature of the merchandise we handle so it will not conflict with yours, except we will continue to handle clocks and watches as we did heretofore." Other promises of compliance were disregarded before defendant vacated.

"A lessee when sued for the rent may interpose a claim by way of recoupment, set-off or counter-claim. Thus the lessee may in a proper case recoup, set-off, or counter-claim damages resulting from the landlord's breach of covenant, or other agreement concerning the tenancy, or the amount of a deposit made to secure performance. The claim relied upon by way of recoupment, set-off, or counter-claim, must be one which is based on an actual liability." 36 *Corp. Jur.* 408, § 1326.

The appellant, however, relies upon *Hunter* v. *Reiley*, 43 *N. J. L.* 480, where it is held that the tenant in an action for rent cannot recoup damages for breach of a covenant in the lease at common law or by our statute. That case was decided in 1881, and the matter was controlled by section 129 of the then existing Practice act, which confined the right of recoupment to action on contract not under seal.

Section 105 of the Practice act of 1903 permits recovery under a counter-claim whether the action is brought on a simple contract or one under seal. This section was not repealed by the Practice act of 1912. A tenant has always had

a right of action for breach of the landlord's covenants. *Meeker* v. *Spalsbury*, 66 *N. J. L.* 60; *Pabst* v. *Schwarzstein*, 101 *Id.* 431. The tenant's right to recoupment for damages for breach of covenant in an action for rent was recognized in *Metropole Construction Co.* v. *Hartigan*, 83 *Id.* 409. Section 105 of the Practice act was available to the defendant. *Marinette Knitting Mills* v. *Rosenthal*, 102 *Id.* 128.

The trial court charged the jury: "If you should find the facts to be as plaintiff contends, you will say how much is due the plaintiff and then how much is due the defendant on his counter-claim. You are not to subtract one from the other. You will bring in two verdicts on the main case and another on the counter-suit. The verdict on the main case will be a money verdict and the verdict on the counter-suit will be either a verdict of 'no cause of action' or a money verdict. * * * When you have decided what they are, you will bring in two verdicts, one verdict with respect to the plaintiff's case and another verdict with respect to the defendant's counter-claim, because there are really two suits being tried here. * * * So you will bring in two verdicts, either money verdicts in both cases, or money verdicts in one case and 'no cause for action' in the other, as the facts may warrant." It is apparent therefrom that neither the court or jury regarded the breach of the covenant against the conduct of a competitive business upon the landlord's premises as a bar to the action for rent. Plaintiff's counsel did move "for a direction of a verdict on the whole case, on the ground that a covenant in the lease to pay rent by the tenant and a covenant by the landlord to keep the tenant from encountering competition are independent covenants, and a breach of an independent covenant is not a defense to a suit for non-payment of rent." But this motion did not present the question of the existence of a constructive eviction which is now for the first time argued in the briefs of counsel.

"An eviction consists in taking from a tenant some part of the demised premises of which he was in possession, not in refusing to put him in possession of some privilege which, by the agreement, he ought to have enjoyed, but has not been

permitted to enjoy; thus the mere omission of a landlord to perform his covenants does not amount to an eviction, and is not a bar to his claim for rent; the lessee's remedy being by an action to recover damages for a breach of the covenant." *Tayl. Land. & T.* 475.

"Where parties to an action try and submit the question at issue upon a theory apparently satisfactory to themselves, and suffer the case to go to the jury upon the legal theory thus adopted, it is too late upon appeal, for either party, for the first time to question the legal propriety of the course pursued." *Kapherr* v. *Schmidt,* 98 *N. J. L.* 803.

"Where the issue as made up on the pleadings and bill of particulars has been fully tried and correctly settled, no amendment having been applied for in the court below, the court of review will not permit the plaintiff in error to amend the bill of particulars in order to bring about a reversal of the judgment and a new trial upon a different issue." *Kent* v. *Phenix Art Metal Co.,* 69 *N. J. L.* 532.

There was no motion addressed to defendant's pleadings, nor was there any objection to testimony as such concerning the breach of the restrictive covenant. In fact, the plaintiff in rebuttal offered contradictory testimony. But at all events, the action was tried on the theory of two independent actions so that the plaintiff was in nowise harmed by the course pursued.

The only objection to testimony as to the value of the covenant against competition was that the witness was not qualified. The proofs indicate that he was qualified. But at all events, a ground of objection not suggested cannot be made a ground of appeal. *Precipio* v. *Insurance Company of Pennsylvania,* 103 *N. J. L.* 589. Further, it seems to us, that the proof of the difference in rental value with and without the restrictive covenant was some evidence of the defendant's damage.

"The measure of damages usually laid down for breach of a covenant of the lessor with respect to the condition or use of the demised property is the reduced rental value of the property, that is, the difference between the rental value of

the property if the covenant had been complied with, and its rental value in the absence of such compliance." 35 *Corp. Jur.* 1191.

An objection made to the qualification of a witness called to give testimony as to what was usually sold in a jewelry store is of little avail. Assuming that the matter was not one calling for expert testimony, there was no objection on that ground, but merely on the ground that the witness was not qualified. He appeared, however, to possess that virtue because he was familiar with the jewelry trade for a long time.

It is apparent to us that the covenant in suit precluded the landlord from selling competitive articles in the part of the premises reserved for his use. But, however the case might have stood, courts do not construe contracts differently from the practical construction adopted by the parties thereto. The evidence, as before pointed out, indicates that the plaintiff regarded the defendant's complaints as well taken.

There is no merit in the contention that the court should have directed a verdict for the plaintiff on defendant's counterclaim because the conflicting proofs made a jury question. The eighth ground of appeal was not argued. Other questions presented in the appellant's brief we have carefully considered and find no merit therein requiring further discussion.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.