BIGBORO REALTY CORPORATION, A NEW YORK CORPO-
RATION, APPELLANT, v. OTIS R. COLE, RESPONDENT.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Julius Stein*.

For the respondent, *Henry C. Berg*.

PER CURIAM.

The action is for rent and the defense an eviction by the landlord and counter-claim based thereon. The plaintiff, the owner of an apartment house at 71 West Twelfth street, New York City, leased an apartment to the respondent on August 3d, 1931, to terminate September 30th, 1932. The tenant, an army officer, took possession, and having been assigned to other duties moved out on May 31st, 1932, retaining the keys and potential possession thereafter, paying the rent up to and including July 1st, in advance. Suit was brought for the two months' rent of August and September, 1932. The judge gave judgment for the defendant on his counter-claim and the plaintiff appeals.

The contention of the appellant is that there was no adequate proof of eviction and that in any event the damages awarded were not justified under the evidence.

The defendant's proofs were that when he learned of his assignment to other duties he talked to the landlord about being released from the rent, and failing that, about getting the property re-rented; that the agent agreed to try to re-rent but said that as there were a number of vacancies, his

would have to take its turn; that he would not release defendant from the rent; that instead of doing this, in July, 1932, the landlord began to put furniture in the apartment; that defendant's key would not open the lock of the door and he was unable to get access to the apartment on visits to the premises to see whether or not mail had been left under his door. The agent admitted that he did put a small amount of furitnure in the apartment, but that it was in pursuance of an agreement between them that the property might rent better if it were furnished.

The landlord appellant contends that this evidence was insufficient to justify an eviction and that in any event under a provision of the lease that "if the demised premises become vacant or shall be abandoned or deserted by the tenant * * * the landlord at any time thereafter may take possession," and that the right to collect the rent should not be impaired, was violated and that the landlord's right of recovery still remained.

We think the question of eviction was one for the trial judge sitting without a jury. If the tenant's evidence was believed it was sufficient for the purpose. On the same basis the provision of the lease above quoted would not be applicable. Finding that there had been an eviction, it followed that the tenant was entitled to recover the damages sustained thereby, and there is nothing in the proofs to show that these were not properly accorded.

The judgment is affirmed, with costs.