JAN LASTOWSKI, PLAINTIFF-RESPONDENT, v. MAKSY-MILIAN L. LAWNICKI, DEFENDANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Grover G. Richman.*

For the respondent, *William C. Gotshalk.*

The opinion of the court was delivered by

PERSKIE, J. This appeal brings up for review a judgment, not printed in the state of case, but, in fact, entered, striking appellant's answer.

In a prior suit between the respondent and one Peter Lewandowski, appellant did, on November 22d, 1932, in pursuance of section 17, paragraph 1 of our Attachment act (1 *Comp. Stat.* (1790-1910), *p.* 141), execute and deliver his bond for $1,000 to the sheriff of Camden county.

The cited provision of the statute is as follows: "The defendant * * * may give bond with one or more sufficient sureties * * * in one of the form herein provided, to wit:

"1. A bond to the officer who attached the personal property in double the appraised value thereof, conditioned for the return of the said property in case judgment shall be rendered for the plaintiff or for any of the applying creditors; which bond, in case of breach of said condition, the said officer, shall, on application of the plaintiff or applying creditor, without fee, assign to such person as the court shall direct, to be prosecuted for the benefit of the plaintiff and applying creditors."

The bond executed and delivered by appellant as aforesaid was in the following form:

"* * * if the said *Peter Lewandowski,* his executors or administrators, *shall return* the said goods and chattels, rights and credits, moneys and effects [one Nash sedan automobile] seized and taken by virtue of the said writ of attachment, *in case judgment shall be rendered for the plaintiff,* then this obligation to be void, else to be and remain in full force and virtue." (Italics ours.)

Respondent, who was the plaintiff in the attachment suit (no creditors applying), on April 4th, 1934, recovered a judgment in the Camden County Circuit Court against Peter Lewandowski in the sum of $500 plus costs, totaling $652.62. A rule to show cause why a new trial should not be granted was discharged on April 22d, 1934. On June 21st, 1934, the present suit was instituted; the gravamen of the complaint is that the appellant contrary to his undertaking breached his bond, in that he did not return the goods and chattels (Nash sedan) in case, as here, "judgment shall be rendered for the plaintiff." (Seventh paragraph of the com-

plaint.) The appellant answered admitting every allegation of the complaint save the seventh paragraph, which he denied. Appellant interposed no other defense to the action. Application was made by the respondent to strike the answer; it was heard on affidavits with the result stated. These affidavits disclosed, as is pointed out by the learned trial judge, that it was not until after the instant suit was commenced and process served, that appellant, through his counsel offered to return the goods and chattels to the sheriff. The first offer to return the car was made orally to the sheriff on July 13th, 1934, and again made in writing, to counsel for respondent, on July 20th, 1934. The reason for the sheriff's refusal to take possession of the automobile is not made to appear. The court below held:

"The answer admits all the allegations of the complaint with the exception of the seventh paragraph. The seventh paragraph of the complaint alleged the failure of the defendant to return the goods to the sheriff, and that the condition of the bond had been broken. This is the only allegation of the complaint denied.

"The denial of this allegation of the complaint clearly implies that the condition of the bond has been complied with by the defendant. Obviously, this is not true, since the affidavits presented on the part of the defendant on this motion do not show any tender of the automobile to the sheriff prior to the beginning of this suit. The most that can be made out of these affidavits is that after the commencement of this suit [sometime in July, 1934] and the service of the summons and complaint, the defendant then offered to return to the sheriff the goods seized under the attachment, namely, the automobile, but which offer was refused by the sheriff. The reason for this refusal does not appear, but as far as the record is before me, it is immaterial.

"The so-called offer on the part of the defendant to return the car to the sheriff was not a compliance with the condition of the bond. The liability of the defendant on the bond became fixed on his failure to properly deliver the goods seized under the attachment after judgment had been rendered in favor of the plaintiff.

"The answer does not set up any defense to this suit; it will therefore be stricken out."

Appellant argues here that the court erred in striking the answer in that (1) it was not sham; but in fact true; and (2) it set up a defense to the complaint and presented an issue triable by jury.

First: It will be observed that the bond is *conditioned for the return of the property in case judgment shall be entered* for the plaintiff. It does not provide that the return of the property shall be made by the defendant in the attachment suit; it is silent as to who shall make the return. But, in the case at bar it was Peter Lewandowski, the defendant in the attachment suit, his executors or administrators, and not the appellant, the bondsman, who became obligated to return the car in case a judgment was recovered by the plaintiff. It was, however, the duty of the bondsman to see to it that the defendant complied with the condition of the bond and he (bondsman) is responsible for the consequences of a breach of the bond by the defendant. In the case of *Schuyler* v. *Sylvester*, 28 *N. J. L.* 487, the Supreme Court, at *p.* 490, speaking of the surety, said:

"His character as surety gives no special claim to relief, nor any special right in the property. It was upon his credit that the goods were delivered to the defendants, and he is bound to see that they comply with the condition of the bond, and he is responsible for the consequences of the breach of it."

We do not deem it necessary to treat the interesting question which presents itself, namely, can a bondsman, as appellant herein, be discharged of his assumed obligation, under the act, by returning the goods and chattels to the sheriff after the judgment is rendered in favor of the plaintiff? Our reason for passing over this question is that the point was not raised.

The theory upon which respondent based this suit was that appellant apparently had a right to return the car but did not in fact do so. For, in his affidavit on the motion to strike the appellant's answer, he said: "* * *, the defendant

*Maksymilian* L. Lawnicki has never delivered to me, or to the sheriff of Camden county, the automobile described in the complaint." The defendant tried, in the manner already stated, to meet the allegations. The theory of the suit, so adopted and pursued, is binding on the parties here. *Kapherr* v. *Schmidt*, 98 *N. J. L.* 803; 121 *Atl. Rep.* 617; *Silver Rod Stores* v. *Bernstein*, 110 *N. J. L.* 117, 120; 164 *Atl. Rep.* 450; *Mockabee* v. *English*, 12 *N. J. Mis. R.* 733, 736.

Second: Appellant argues that since no time was specified or fixed after the entry of the judgment in favor of the plaintiff within which the goods and chattels may be returned then the law implies a reasonable time; and the question as to what is a reasonable time is factual and one for the jury to determine.

It is undoubtedly the law that where no time for the performance of a contract is specified the law implies that it shall be performed within a reasonable time. *Perth Amboy Dry Dock Co.* v. *Crawford*, 103 *N. J. L.* 440. The same principle of law is apposite to actions on bonds. 9 *C. J.* 69, § 15. An agreement to repurchase securities "at any time" was construed to mean within a reasonable time; and whether the demand was made within a reasonable time was under all circumstances of that case further held to be a jury question. *Blatt* v. *Boardwalk Securities Corp.*, 114 *N. J. L.* 477. (Compare *Edge* v. *Boardwalk Securities Corp.*, No. 73, February term, 1935, Court of Errors and Appeals.)

Generally, the question of reasonable time is one of fact for the jury, and is always so when the facts are in dispute or it rests upon conflicting inferences as to the material effect of the conduct of the parties to the transaction. *New Jersey School and Furniture Co.* v. *Board of Education*, 58 *N. J. L.* 646, 652; *Barban* v. *Kauffman & Sons Co.*, 97 *Id.* 523, 525.

But, we are of the opinion that the principles of law pronounced in the line of cases of which *Timlan* v. *Dilworth*, 76 *N. J. L.* 568, is typical are applicable here. In that case this court discussed the rule as to when the question of reasonable time is one for the court and when a question of fact for the jury. At page 571 the court said:

"In *Furniture Co.* v. *Board of Education*, 29 *Vr.* 646 (at *p.* 652), Mr. Justice Garrison, speaking for this court said: 'The question of reasonable time is generally one of fact for the jury, and is always so when it rests upon conflicting inferences as to the mutual effect of the conduct of the parties to the transaction.'

"Subsequently, in 1904, the present Chancellor, then Mr. Justice Pitney, said: 'In this, as in all cases where questions of reasonable time, opportunity or the like are at issue, the determination of what is reasonable, where the facts are in dispute, or the inference to be drawn from undisputed facts is in doubt, is a question of fact and not of law.' *Burr* v. *Adams Express Co.*, 42 *Vr.* 263 (a*l p.* 269).

"Where the proofs are conflicting the question is often a mixed one of law and fact. In such a case the court should instruct the jury as to the law upon the several hypotheses of fact insisted upon by the parties.

"In accord with the opinions of Mr. Justice Garrison and of Chancellor Pitney (*supra*) is the converse of the proposition, viz., that what is a reasonable time, when the facts are undisputed and different inferences cannot reasonably be drawn from the same facts, is a question for the court, not for the jury. *Wright* v. *Bank of Metropolis*, 110 *N. Y.* 237; *Loring* v. *City of Boston*, 48 *Mass.* 409.

" 'Reasonableness in such cases belongeth to the knowledge of the law, and is therefore to be decided by the justices.' 1 *Coke Litt.* 644 (56b)."

Third: Respondent strongly urges the applicability herein of our holding in the case of *Goldberg* v. *Farber*, 6 *N. J. Mis. R.* 257; *affirmed*, 105 *N. J. L.* 239. In that case the suit was also on a bond in attachment but the defendant there sought by his answer to minimize his liability by showing the value of the goods as being below the amount of his bond and have judgment entered for the actual value of the goods. The answer was stricken; judgment was entered on the bond. The Supreme Court held:

"The Attachment act (section 33), (1 *Comp. Stat.* 1910, *p.* 148) says the act must be construed in the most liberal

manner for the benefit of creditors. It would certainly not be beneficial to creditors to sanction a practice which would permit testimony to be given as to the value of the goods attached after a bond is given, approved by the court, accepted by the creditor, and the goods are discharged from the lien of the attachment. The debtor if he chose to do so could sell or secrete the goods so that a creditor could obtain no testimony as to their value.

"The question appears to have been decided in the case of *Hanness* v. *Bonnell*, 23 *N. J. L.* 159, where the court said: 'The defendant was permitted to receive and enjoy the property during the pendency of the attachment, upon the condition that he would return it in case judgment should be rendered for any creditor. *Judgment having been rendered, and he having failed to return the property* the bondsmen are amenable to the penalty.' " (Italics ours.)

Compare *Vreeland* v. *Bruen*, 21 *N. J. L.* 214, 229; also cited in *Goldberg* v. *Farber, supra* (at *p.* 260).

While the facts in the quoted and cited cases are unlike those in the instant case and therefore are not controlling, they, nevertheless, are indicative of the liberal construction given to the act, by our courts, in favor of creditors.

Finally, the proofs stand undisputed that from the date of the discharge of the rule to show cause in the attachment suit and the institution of the present suit, a period of two months, appellant did nothing about his obligation under his bond. Thus neither the facts nor the reasonable or rational inferences to be drawn therefrom were in doubt or in dispute. The question of reasonable time, therefore, became one for the court and not for the jury to decide.

We are satisfied that the trial judge reached a right result. Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.