PASSAIC DISTRICT COURT.

SLOVAK CATHOLIC SOKOL, INC., PLAINTIFF, v. JOSEPH RYFF, DEFENDANT.

Decided January 23, 1939.

For the plaintiff, *John R. Blanda.*

For the defendant, *Benedict Krieger.*

VANNAMAN, D. C. J.   In the above matter, the question turns upon plaintiff's motion to strike out defendant's counter-claim.   Inasmuch as the defendant has withdrawn the second count of his counter-claim, it will be necessary to consider the motion only with reference to the first count.

The motion is made by plaintiff on two grounds which will be separately considered.   The first ground is that in a suit for rent, such as the present, the defendant cannot set up damages arising out of a breach of an agreement to make repairs.   This position is not sound.   The cases cited by plaintiff, in his memorandum, hold that, in a suit for rent, defendant cannot defend the claim for rent accrued by defending on the ground of plaintiff's breach of an independent covenant to repair.   *Reporting Corp.* v. *Deshere,* 4 *N. J. Mis. R.* 65; 131 *Atl. Rep.* 635; *New Jersey Aluminum Co.* v. *Charms Co.,* 7 *N. J. Mis. R.* 68; 144 *Atl. Rep.* 117.

However, a distinction exists between matters of defense, which would absolutely defeat plaintiff's cause of action, and a counter-claim which, while it does not contest plaintiff's right to recover in the main case, sets up an independent cause of action as a basis of recovery, which may equal, be less, or be more than the amount plaintiff is entitled to recover on the main case.   A tenant could sue in an original case upon a breach of covenant by the landlord, and, therefore, there is no reason why he cannot counter-claim for such breach even in an action by the landlord to recover rent.   36 *Corp. Jur.* 412;

*Silver Rod Stores* v. *Bernstein,* 110 *N. J. L.* 117; 164 *Atl. Rep.* 450; *Levy* v. *Hampton,* 3 *N. J. Mis. R.* 1050; 130 *Atl. Rep.* 536.

In passing, I wish to call attention to the fact that the plaintiff is in error when he asserts in his brief that, in *New Jersey Aluminum Co.* v. *Charms Co., supra,* "the court held that the answer and counter-claim was properly stricken as presenting no facts constituting a legal defense to an action for rent." The court did strike the answer as constituting no defense but did not touch the counter-claim. In fact, the Supreme Court expressly says, "neither are we here concerned with the counter-claim."

The second ground upon which the plaintiff urges that the counter-claim should be stricken is that in a suit for rent for liquidated damages, the defendant could not counter-claim unliquidated damages in the District Court.

Here again the cases which the plaintiff cites in support of his position are cases in which it was held that a tort action could not be counter-claimed against a suit for rent. Some of the cases expressly say this. One or two cases, unfortunately, use the expression, unliquidated damages, but, on examination, it will be found that even those cases were tort cases.

The case of *Ehret* v. *Hering,* 99 *N. J. L.* 73; 122 *Atl. Rep.* 598, is not applicable. That case holds that a defendant having a claim for unliquidated damages is not *obliged* to set up his counter-claim in a District Court action, on a penalty that otherwise he is forever barred from asserting his cause of action. However, it does not hold that such defendant would not be *permitted* to file his counter-claim.

It is interesting to note that, although the question was not raised in the case of *Bigboro Realty Corp.* v. *Cole,* 12 *N. J. Mis. R.* 162; 170 *Atl. Rep.* 227, that, nevertheless, in that case an action was begun in the District Court of New Brunswick for rent, and the defense was a counter-claim based on the unlawful eviction by the landlord. This counter-claim was for unliquidated damages, and, like the case at bar, grew out of the subject-matter out of which the plaintiff's cause of action arose. The lower court entered a judgment on the counter-claim, which was sustained in the Supreme Court.

As both reasons given by plaintiff are unsound, the motion to strike the counter-claim of the defendant is denied.